**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

| | |
|---|---|
| AMANDA GONZALEZ, | Civil Action No.: 23-cv-1029 |
| Plaintiff, | HON. |
| vs. | |
| EDUSTAFF, LLC, a Michigan limited liability company | |
| and | |
| BLOOMINGDALE PUBLIC SCHOOLS BOARD OF EDUCATION | |
| Defendants. | |

Robert M. Howard (P80740)
Bradley K. Glazier (P35523)
BOS & GLAZIER, P.L.C.
A division of Cunningham Dalman, P.C.
Attorneys for Plaintiff
940 Monroe Avenue, N.W., Suite 253
Grand Rapids, MI 49503
(616) 458-6814

**COMPLAINT AND JURY DEMAND**

Plaintiff Amanda Gonzalez, by her counsel, Bos & Glazier, a division of Cunningham Dalman PC, states as her Complaint against defendants Edustaff, LLC ("Edustaff") and Bloomingdale Public Schools Board of Education ("BPS") as follows:

1

## JURISDICTIONAL ALLEGATIONS

1. Amanda Gonzalez, on behalf of herself and all similarly-situated individuals, brings this action against defendants Edustaff and BPS. Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on defendants' willful failure to compensate plaintiff and similarly-situated individuals with overtime as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2. This court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331, as it is a civil action arising under the laws of the United States.

3. Amanda Gonzalez is a citizen of the United States and the State of Michigan. She resides in Allegan County.

4. Gonzalez was an individual employed by defendants and was a covered "employee" pursuant to 29 U.S.C. § 203(e).

5. Defendant Edustaff is a staffing agency that provides substitute teachers, food service workers, custodial staff, and paraprofessionals to school districts throughout Michigan and ten other states. Edustaff's principal place of business is located 4120 Brockton Dr SE, Suite 200, Grand Rapids, Michigan 49512.

6. Edustaff is an "enterprise" within the meaning of the FLSA, 29 U.S.C. §203(r).

7. Edustaff is an "enterprise engaged in commerce or in the production of goods for commerce" as it had "employees engaged in commerce or in the production of goods for commerce" and "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . . ."  29 U.S.C. § 203(s)(1)(A). As such, Edustaff was a covered enterprise under the terms of the FLSA.

2

8. BPS is a political body that is responsible by law for the management and control of the public schools of Bloomingdale Public School District.

9. BPS is responsible for the hiring, contracting for, scheduling, supervising, or terminating employees, independent contractors, and others to carry out District powers.

10. All custodial and food service staff, including plaintiff, have been subject to the same employment policies and practices, including policies and practices with respect to overtime.

11. Plaintiff brings this action on behalf of herself and similarly situated current and former custodial and food service staff who elect to "opt in" pursuant to FLSA, 29 U.S.C. § 216(b) to remedy violations of the FLSA wage and hour provisions by defendants.

12. Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction over plaintiff's FLSA claims.

13. Venue in this Court is proper under 28 U.S.C. § 1391(b) because the parties reside in this district and a substantial part of the events giving rise to the claims raised occurred in this district.

## GENERAL ALLEGATIONS

14. Edustaff and BPS have direct or indirect control of the terms and conditions of Gonzalez's work and the work of similarly situated custodial and food service staff and also exercise that authority.

15. During all relevant times, Edustaff and BPS also exercised operational control over the custodial and food service staff, including, but not limited to, control over

recruiting and training of employees, compensation of custodial and food service staff, job duties of custodial and food service staff, appearance and conduct standards, staff work schedules, and work assignments.

16. Edustaff's gross revenue exceeds $500,000 per year.

17. Edustaff functions to generate profits for its members.

18. BPS and Edustaff are jointly liable to Edustaff's custodial and food service staff under the definitions of "employer" set forth in the FLSA because they both control significant aspects of custodial and food service staff's day-to-day functions, and BPS ultimately controls compensation of employees. 29 U.S.C. § 203(d).

**Individual Allegations**

19. Plaintiff Gonzalez resides in Pullman, Michigan, and worked within the boundaries of the Western District of Michigan.

20. Gonzalez has given written consent to join this action. (Exhibit 1).

21. Gonzalez began her employment at BPS in October 2011. She primarily reported to work at a facility owned and operated by BPS at 629 East Kalamazoo St.

22. When initially hired, Gonzalez was engaged with a different staffing company. But eventually, Edustaff was engaged by BPS in regards to its staffing.

23. Gonzalez was hired as a food service staff person. Her duties were to prepare food for students at BPS.

23. Gonzalez also worked in a custodial role for Edustaff and BPS.

24. Gonzalez's roles in food service and custodial services were carried out in the same BPS facility.

25. Gonzalez was paid different rates for the food services and custodial services she performed.

26. The rates of pay were determined by BPS.

27. When Gonzalez worked in different roles for Edustaff and BPS, her paystubs reflected the hours worked in each position. (Exhibit 2 – sample paystubs).

27. If Gonzalez worked more than 40 hours in any one position, such as food service, she was paid overtime.

28. But if Gonazalez worked over 40 hours per week in a combined role as food service staff and custodial services, she was not paid overtime for hours worked over 40 hours. (Exhibit 2).

29. Edustaff and BPS were aware that Gonzalez and other similarly situated employees were not paid overtime when they worked over 40 hours.

30. In April of 2023, Edustaff alerted BPS to the issue with unpaid overtime. (Exhibit 3).

31. BPS disagreed with Edustaff's opinion of how employees should be paid when employees work over 40 hours in combined roles.

32. BPS agreed to correct the issue in the future, but did not address any back pay for unpaid overtime to the affected employees.

33. Gonzalez frequently worked over 40 hours a week in her combined roles for Edustaff and BPS.

34. By failing to pay Gonzalez and other similarly situated employees overtime rates, defendants violated the FLSA.

35. Gonzalez has been harmed by the actions and inactions of Edustaff and BPS.

**Collective Action Allegations**

37. Plaintiff brings Count I on behalf of herself and all similarly situated current and former custodial and food service staff employed by Edustaff and BPS, during the three years prior to the filing of this Collective Action Complaint and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective").

38. At all relevant times, Plaintiff and the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to defendants' decisions, policy, plan, practices, procedures, protocols, and rules of willfully refusing to pay Plaintiff and the FLSA Collective overtime for hours worked over forty hours a week. Plaintiff's claims are essentially the same as those of the FLSA Collective.

39. Edustaff's unlawful conduct is pursuant to a corporate policy or practice.

40. BPS' unlawful conduct is pursuant to a corporate policy or practice.

41. Edustaff and BPS are aware or should have been aware that federal law required them to pay employees overtime for all hours worked over 40 hours.

42. Edustaff and BPS' unlawful conduct has been widespread, repeated, and consistent.

43. The action is properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

44. The Edustaff FLSA Collective members are readily identifiable and ascertainable.

45. For the purpose of notice and other purposes related to this action, the FLSA Collective members' names and contact information are readily available from defendants' records.

46. In recognition of the services Gonzalez has rendered and will continue to render to the FLSA Collective, Gonzalez will request payment of a service award upon resolution of this action.

47. As collective members are identified and opt in, their written consent will be submitted to the court.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT
**(Failure to Pay Overtime**
**(On Behalf of Plaintiff and the FLSA Collective)**

48. Plaintiff restates and incorporates the following allegations as if fully rewritten herein.

49. Gonzalez and the FLSA Collective worked more than forty hours in one or more workweeks.

50. Edustaff and BPS did not pay Gonzalez and the FLSA Collective at least one-and-a-half times their regular hourly rate for time worked in excess of forty hours per workweek.

51. By not paying Gonzalez and the FLSA Collective proper overtime wages for time worked in excess of forty hours in a workweek, Edustaff and BPS have willfully violated the FLSA.

52. As a result of Edustaff and BPS's willful violations, Gonzalez and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

53. Under the FLSA, 29 U.S.C. § 207(a)(2), unless an employee is exempt, "No employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce...for a workweek longer than forty hours ... unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

54. Gonzalez received a regular rate of $15.40 an hour for food service and $12.96 an hour for custodial work.

55. Pursuant to the FLSA, Gonzalez and the FLSA collective are entitled to an overtime rate of one and one half times the regular rate they earned.

56. When an employee works two different types of work for which different nonovertime rates of pay have been established, the regular rate for that week is the weighted average of such rates. See 29 C.F.R. § 778.115.

57. By failing to pay Gonzalez and the FLSA Collective for their overtime hours at a rate not less than one and one-half times her regular rate of pay as required under the FLSA, Edustaff and BPS violated 29 U.S.C. § 206 and 207, and Gonzalez and the FLSA Collective are entitled to the damages and compensation set forth in 29 U.S.C. § 216(b), including but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

58. Edustaff and BPS' violations of the FLSA were not in good faith within the meaning of the Portal-to-Portal Act, 29 U.S.C. § 260, therefore, Gonzalez and the FLSA Collective are entitled to liquidated damages under 29 U.S.C. § 216(b).

WHEREFORE, Gonzalez and the FLSA Collective respectfully requests this court to enter a judgment in their favor and against Edustaff and BPS as follows:

A. Legal Relief

(1) Compensatory damages for unpaid overtime hours at a rate of one and one-half times her regular pay;

(2) Liquidated damages equal to the amount of compensatory damages awarded; and

(3) An award of interest, costs, and reasonable attorney fees and expert witness fees.

B. Equitable Relief

(1) An injunction prohibiting any further acts of wrongdoing and failure to pay wages or overtime wages;

(2) Whatever other equitable relief appears appropriate at the time of final judgment.

            BOS & GLAZIER, P.L.C.

            A division of CUNNINGHAM DALMAN, P.C.
            Attorneys for Plaintiff

Date: September 28, 2023   By:  */s/ Robert M. Howard*
            Robert. M. Howard (P80740)
            Bradley K. Glazier (P35523)

            BUSINESS ADDRESS:
            940 Monroe Avenue, N.W., Suite 253
            Grand Rapids, Michigan 49503
            (616) 458-6814

## **JURY DEMAND**

Plaintiff, Amanda Gonzalez, requests a trial by jury.

                                                       BOS & GLAZIER, P.L.C.
                                                       A division of CUNNINGHAM DALMAN, P.C.
                                                       Attorneys for Plaintiff

Date: September 28, 2023        By:    */s/ Robert M. Howard*
                                                             Robert. M. Howard (P80740)
                                                             Bradley K. Glazier (P35523)

                                                     BUSINESS ADDRESS:
                                                       940 Monroe Avenue, N.W., Suite 253
                                                       Grand Rapids, Michigan 49503
                                                       (616) 458-6814