UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AMANDA GONZALEZ,<br>      Plaintiff,<br><br>-v-<br><br>EDUSTAFF, LLC and<br>BLOOMINGDALE PUBLIC SCHOOLS,<br>      Defendants. | No. 1:23-cv-1029<br><br>Honorable Paul L. Maloney |

### ORDER APPROVING JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff Amanda Gonzalez alleges that the defendants, EDUStaff and Bloomingdale Public Schools, violated the Fair Labor Standards Act (FLSA). Gonzalez styles her amended complaint as a collective action (ECF No. 8). Two other employees, Hannah Hopson and Bobbie Disbrow, filed a notice of consent to join this lawsuit. Counsel for the three employees and for defendants reached an agreement to settle this dispute and filed a joint motion seeking court approval (ECF No. 18). The parties attached the proposed settlement as an exhibit (ECF No. 18-1 Agreement).

I.

Although the Sixth Circuit Court of Appeals has not held that parties must obtain court approval to settle a dispute under the FLSA, parties to lawsuits filed in this circuit routinely seek judicial approval of FLSA settlements. *See, e.g., Athan v. United States Steel Corp.*, 523 F. Supp. 3d 960, 954-55 (E.D. Mich. 2021); *Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016); *cf. Barbee v. Big River Steel. LLC*,

927 F.3d 1024, 1026-27 (8th Cir. 2019) (noting a circuit split on whether parties must seek judicial approval of all FLSA settlements and collecting cases).

When presented with a proposed settlement in an FLSA lawsuit, a court must consider whether a bona fide dispute exists concerning application of the FLSA and whether the settlement represents a fair and reasonable compromise of the issues in dispute. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). Courts consider a number of factors to determine if a proposed settlement constitutes a fair and reasonable resolution of the disputed issues, including

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of counsel and the representative employee; (6) the reaction of absent class members, and (7) the public interest in the settlement.

*Athan*, 523 F. Supp. at 965 (collecting cases).

## II.

EDUStaff is a staffing company providing workers to school districts to fill, among other things, food service and custodial jobs. Gonzalez, Hopson and Disbrow (Plaintiffs) worked for EDUStaff and were assigned to work at Bloomindale Public Schools in both food service and custodial roles. The two jobs had different rates of pay. Gonzalez alleges that if she worked in excess of forty hours in a work week in either position, she was paid overtime. However, when she worked in excess of forty hours in a work week between the two positions (combined hours), she was not paid overtime.

After Gonzalez filed her complaint, the parties began negotiations to resolve the dispute. Plaintiffs and Defendants reached an agreement. Defendants agree to pay each

person who, over the last three years, should have earned overtime pay for combined hours in excess of forty hours in a work week for work in both food services and custodial work. The individuals will be paid two and a half (2.5) times what they are each owed. The settlement identifies twenty-two individuals, including Plaintiffs, who should have been paid overtime (ECF No. 18-1 PageID.99). The settlement also identifies how much overtime pay each person is owed and how much each will be paid (*id.*). Defendants also agree to pay plaintiffs' counsel up to $15,000.00, for actual costs and attorney fees.

The settlement agreement includes a release. Plaintiffs agree to release any FLSA claims and other compensation, wage, hour and overtime claims under federal, state and local laws that they might have against Defendants. The agreement recognizes that the nineteen individuals who will receive payments and are not one of the three plaintiffs are not parties to this lawsuit (Agreement ¶ 2 PageID.93). The terms of the settlement and the explicit language in the release (*id.* ¶ 7 PageID.95) does not apply to the nineteen individuals who will receive a payment but are not parties to the lawsuit.[1]

The Court concludes that the settlement constitutes a fair and reasonable compromise. The parties do not appear to dispute that the FLSA covers this dispute. The parties likely dispute some of the facts and the legal significance of those facts. The compromise reflects the difficulty—time, costs, and uncertain outcome—both parties face should this lawsuit proceed further. The Court finds no indication that the agreement results

---

[1] The Court notes the language in ¶ 8.B. of the Agreement (PageID.95) about asserting the agreement as a defense should any of the nineteen individuals opt to file a separate lawsuit. The Court expresses no opinion about whether that provision would be a viable defense in a different lawsuit.

from fraud or collusion.  The parties were able to reach the settlement with very little to no exchange of discovery.  The Court finds that the interests of the parties, counsel and the public all weigh in favor of approving the settlement.

### III.

For these reasons, the Court **GRANTS** the joint motion for approval of settlement agreement (ECF No. 18).  The parties will each need to sign the proposed agreement, which should then be filed with the Court no later than Wednesday, February 21, 2024.  The Court intends to enter judgment once the parties file the signed agreement.  **IT IS SO ORDERED.**

Date:   February 1, 2024                                          /s/  Paul L. Maloney
                                                                                                     Paul L. Maloney
                                                                                                     United States District Judge